Weygandt, C. J.,
dissenting. A reading of the entire majority opinion discloses ho reference whatsoever to the important and controlling matter of assignments of error.
The opinion involves a review of the trial court’s charge to the jury concerning allegedly inferior or included offenses such as incest.
But is this matter before this court for consideration?
A study of the record in the case reveals that there was no exception or objection or even a suggestion as to the charge. To the contrary the following colloquy occurred:
“Court: Any corrections or suggestions as to the charge on behalf of the defendant?
“Mr. Kistler: None, your Honor.”
Nor was the charge mentioned in the motion for a new trial.
Then in the Court of Appeals there was no mention of the charge in the assignments of error. In its opinion the Court of Appeals said, “It is here necessary to note that the defendant took no exceptions to the charge of the court nor did he at the suggestion of the court make any further suggestions as to changes or supplement to the charge.” And in the brief of the Prosecuting Attorney it is commented, “There were no exceptions taken to the charge of the court by the defendant and the charge of the court was not made an assignment of error by the defendant in the Court of Appeals nor was it argued before the Court of Appeals as being in error.”
Likewise, in this court, although there are ten assignments of error, the charge of the trial court to the jury is not mentioned.
Nevertheless, for some unexplained reason, this court is according the defendant a review of the charge in the absence of objection thereto in either the trial court or the Court of Appeals or in the assignments of error in this court. One of the elementary rules in appellate procedure is that the lower courts must first be afforded an opportunity to consider any question to be decided subsequently by this court. Otherwise this court would reverse a lower court for an error concerning a question not presented to it — for an error it in reality did not commit.
*107 Is this decision to be construed as a warning to Ohio trial judges that in the future they act at their peril when they rely on counsel’s express approval of a charge to a jury?